IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alton Guy, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| -*vs*- | ) No. 16-cv- |
| | ) |
| Thomas Dart, Sheriff of Cook | ) *(jury demand)* |
| County, and Cook County, Illinois, | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff Alton Guy, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C. §794a(a)(2).

2. Plaintiff is a wheelchair assisted resident of the State of Illinois. Plaintiff is currently confined at the Cook County Jail.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of

Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

6. Plaintiff is physically disabled, requires the use of a wheelchair to move from place to place, and is a "qualified individual with a disability" protected by the ADA and Rehabilitation Act.

7. Plaintiff has been incarcerated at the Cook County Jail since May 21, 2015.

8. When plaintiff entered the Jail in May 2015, medical personnel employed by defendant Cook County recognized that plaintiff had an impairment that interfered with his ability to walk, that plaintiff required a special toilet and sink, and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities (an "ADA accessible housing unit").

9. At all times relevant, the Cook County Jail has not had a sufficient number of ADA accessible housing units to house each qualified individual with a disability who enters the Jail.

10. Rather than take any corrective action about the insufficient number of ADA accessible housing units at the Jail, defendant Sheriff has turned a blind eye to the resulting widespread violations of federal law.

11. As a result of the Sheriff's above described deliberate indifference, a correctional officer, to whom the Sheriff has delegated the final authority to make housing assignments, assigned plaintiff to an inaccessible housing unit.

12. Plaintiff is one of the many disabled detainees who was assigned to an inaccessible housing unit because of the Sheriff's decision to accept custody of more disabled detainees than can be housed in the existing accessible units.

13. As a result of foregoing, plaintiff was unable to use the jail's toilets, sinks, beds, or common area facilities on the same basis as other detainees and suffered physical injuries, including falls.

14. Following his assignment to inaccessible housing units, plaintiff made numerous oral and written complaints to defendants.

15. In addition to being confined to inaccessible housing units, plaintiff was discriminated against because of his disability each time he attended court at the Leighton courthouse, specifically by being denied access to toilet facilities, accessible holding cells, and being required to roll up and down a steep ramp.

16. At all times relevant, defendant Sheriff of Cook County has been aware that detainees in his custody at the Cook County Jail are discriminated against because of their disability when leaving the Jail to attend court.

17. At all times relevant, defendants have turned a blind eye to the above described discrimination.

18. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court order defendants to accommodate plaintiff's disability, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*